# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NORAMCO LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 21-1696-WCB |
| | § | |
| DISHMAN USA, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

There are two motions pending in this case. First, plaintiff Noramco LLC has moved for an order compelling defendant Dishman USA, Inc. to produce documents and answer interrogatories in aid of the execution of the judgment. Dkt. No. 117. Second, Noramco moves to attach Dishman's property under Fed. R. Civ. P. 64. Dkt. No. 124. Both motions are DENIED.

**1. Post-Judgment Discovery**

On February 2, 2023, the court entered final judgment against Dishman in this case. Dkt. No. 93 (amended by Dkt. No. 103). Noramco filed its motion for post-judgment discovery on February 6, 2024. On March 21, 2024, the court entered an order withholding action on the motion pending the Third Circuit's decision on the then-pending appeal. Dkt. No. 123. On July 16, 2024, the Third Circuit issued its decision on the appeal, vacating this court's judgment and remanding for further proceedings on two issues. Dkt. No. 130. Because the discovery sought by Noramco related to the execution of the now-vacated judgment, Noramco's motion is denied as moot.

**2. Attachment of Property**

On May 2, 2024, Noramco used the final judgment in this case to secure a levy on Dishman's New Jersey bank account to prevent Dishman from evading process by transferring

1

funds to its parent company. As stated above, that judgment has now been vacated. Thus, there is no longer a just basis for maintaining the levy. Noramco asks this court to preserve assets from which a judgment could ultimately be paid by attaching Dishman's New Jersey bank account under Fed. R. Civ. P. 64.

Upon Noramco's request, I issued a temporary restraining order on August 5, 2024, to become effective upon the issuance of the mandate from the Third Circuit remanding the case to this court. Dkt. No. 129. The temporary restraining order provided that Dishman was prohibited from removing the previously levied funds from the New Jersey bank account pending the parties' briefing of the question whether this court can, and should, grant the relief requested by Noramco under Rule 64. For the reasons set forth below, I have determined that the court lacks authority to grant the relief Noramco requests, so Noramco's motion is denied.

Rule 64 of the Federal Rules of Civil Procedure provides that federal courts may use any remedy available in the state in which they are located that "provides for seizing a person or property to secure satisfaction of the potential judgment." This court is located in Delaware, so its authority to attach property is governed by Delaware attachment law. Delaware law provides as follows in pertinent part:

> A writ of domestic attachment may be issued against an inhabitant of this State upon proof satisfactory to the court that the defendant cannot be found, or that the defendant is justly indebted to the plaintiff in a sum exceeding $50, and has absconded from the defendant's usual place of abode or is about to leave the State or has gone out of the State with intent to defraud his or her creditors or to elude process.

10 Del. C. § 3501, and

> A writ of foreign attachment may issue against any individual not an inhabitant of this State on any cause of action after proof satisfactory to the court that the defendant cannot be found, that the defendant resides out of the State, and that plaintiff has a good cause of action against the defendant in a sum exceeding $50.

10 Del. C. § 3506.

Writs of attachment in Delaware "have as their underlying purpose the seizure of the defendant's property as a method to compel appearance, either because, under a writ of domestic attachment, the defendant has absconded, 10 Del.C. § 3501, or, under a writ of foreign attachment, the defendant is a non-resident. 10 Del.C. § 3506." *Cannelongo v. Fid. Am. Small Bus. Inv. Co.*, 540 A.2d 435, 439 (Del. 1988). Noramco's opening brief cites no law suggesting that such writs may be used to ensure that a defendant cannot transfer funds to another entity to evade process in the event of a future adverse judgment, where the defendant has already appeared.

Noramco's reply brief asserts that "Delaware law authorizes use of pre-judgment attachment even where the defendant has appeared in the action," Dkt. No. 133 at 5, but the law Noramco cites does not support that assertion. Noramco cites to the Delaware Superior Court Rules of Civil Procedure for the proposition that Delaware courts may maintain the attachment of a nonresident defendant's property who has appeared if the plaintiff satisfies the court that "there is a reasonable probability that [the release of the defendant's property] may render it substantially less likely that the plaintiff will obtain satisfaction of any judgment thereafter secured."[1] That rule does not apply here, however, because that rule applies only to "property . . . seized upon a writ of foreign attachment." Del. Super. Ct. Civ. R. 4(b)(3)(A). Noramco is not asking this court to maintain the attachment of property used to secure a non-resident defendant's appearance. Instead, Noramco is asking this court to replace the existing levy on Dishman's account by issuing a new writ of attachment under Fed. R. Civ. P. 64. Noramco cites no authority by which this court can issue a writ of attachment in the first instance under the present facts.

---

[1] Noramco cites Del. Super. Ct. Civ. R. 64(b)(3); however, Noramco quotes Del. Super. Ct. Civ. R. 4(b)(3)(A).

For this court to attach Dishman's property, it would need to determine that Dishman cannot be found or that Dishman is justly indebted to Noramco and has absconded. Noramco does not argue that either requirement is met here, so this court lacks authority to attach Dishman's property. Noramco's motion is accordingly DENIED.

The temporary restraining order entered by the court pending the briefing of this issue by the parties, Dkt. No. 129, is hereby VACATED.

IT IS SO ORDERED.

SIGNED this 15th day of August, 2024.

WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE